IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BOSTON SCIENTIFIC CORPORATION and BOSTON SCIENTIFIC SCIMED, INC., <br><br> Plaintiffs, <br><br> v. <br><br> JOHNSON & JOHNSON, INC. and CORDIS CORPORATION, <br><br> Defendants. | Civil Action No. 07-765-SLR |

## PLAINTIFFS' ANSWERING BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

YOUNG CONAWAY STARGATT & TAYLOR LLP
Josy W. Ingersoll (#1088) [jingersoll@ycst.com]
Karen L. Pascale (#2903) [kpascale@ycst.com]
Karen E. Keller (#4489) [kkeller@ycst.com]
Andrew A. Lundgren (#4429) [alundgren@ycst.com]
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600

*Attorneys for Plaintiffs,*
*Boston Scientific Corporation and*
*Boston Scientific Scimed, Inc.*

*Of Counsel:*

Richard L. DeLucia
Paul M. Richter
Michael K. Levy
Jerry Canada
KENYON & KENYON LLP
One Broadway
New York, NY 10004
(212) 425-7200

Dated: January 7, 2008

## TABLE OF CONTENTS

        **Page**

INTRODUCTION ................................................................................................................ 1

NATURE AND STAGE OF THE PROCEEDINGS ........................................................... 2

STATEMENT OF ADDITIONAL RELEVANT FACTS ................................................... 3

ARGUMENT ........................................................................................................................ 4

CONCLUSION ..................................................................................................................... 7

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Arrowhead Industrial Water, Inc. v. Ecolochem, Inc.*,
    846 F.2d 731 (Fed. Cir. 1988).................................................................................. 5

*Maryland Casualty Co. v. Pacific Coal & Oil Co.*,
    312 U.S. 270 (1941).................................................................................................. 4

*MedImmune, Inc. v. Genentech, Inc.*,
    127 S. Ct. 764 (2007)............................................................................................ 4, 5

*Monolithic Power Systems, Inc. v. O2 Micro International Ltd.*,
    No. C 07-2363 CW, 2007 U.S. Dist. LEXIS 61961 (N.D. Cal. Aug. 13, 2007) ................ 5

*Sabert Corp. v. Waddington North America, Inc.*,
    No. 06-5423 (JAG), 2007 U.S. Dist. LEXIS 68092 (D.N.J. Sep. 14, 2007) ...................... 5

*Takeda Pharmaceutcials Co. Ltd. v. Sandoz, Inc.*,
    No. 07 Civ. 3844 (DLC), 2007 U.S. Dist. LEXIS 74860 (S.D.N.Y. Oct. 9, 2007)............ 4

*Teva Pharmaceuticals USA, Inc. v. Novartis Pharmaceuticals Corp.*,
    482 F.3d 1330 (Fed. Cir. 2007)................................................................................ 4

Plaintiffs Boston Scientific Corporation and Boston Scientific Scimed, Inc. (collectively "BSC") respectfully submit this answering brief in opposition to Defendants Johnson & Johnson, Inc. and Cordis Corp.'s (collectively "Cordis") motion to dismiss BSC's pending declaratory judgment complaint against Cordis (D.I. 8). BSC's complaint seeks a declaration that Cordis's U.S. Patent No. 7,300,662 (the "Falotico '662 patent") is invalid or not infringed by BSC's PROMUS everolimus-eluting stent. (D.I. 1 ("Complaint")). The PROMUS stent is an intravascular stent used to treat coronary artery disease. It advantageously releases a drug designed to diminish reblocking (restenosis) of the patient's blood vessel into which the stent has been inserted.

## INTRODUCTION

In seeking to dismiss this action, Cordis points solely to the same, inadequate arguments it first presented last July with its motions to dismiss BSC's other pending declaratory judgment actions in this Court involving both the PROMUS stent and a Cordis patent. Those arguments should have no more effect here on defeating subject matter jurisdiction than they should as to those other, related BSC declaratory judgment actions. Indeed, all of the facts regarding the PROMUS stent and Cordis's patents and activities, as well as the law of subject matter jurisdiction previously presented by BSC in opposition to Cordis's prior motions to dismiss, apply equally here. Those facts and law amply demonstrate that a real controversy exists right now between BSC and Cordis over the PROMUS stent and Cordis's latest Falotico '662 patent.

Cordis also moved in December 2007 to transfer all four of these related BSC actions to the District of New Jersey, including the instant case. Thus, notwithstanding its pending motions to dismiss, Cordis has at least tacitly acknowledged that BSC deserves its day in court to resolve the existing controversy over the PROMUS stent and Cordis's patents, though Cordis would prefer that such a resolution occurs in New Jersey and not this Court.

1

## NATURE AND STAGE OF THE PROCEEDINGS

BSC has previously filed three, related declaratory judgment complaints in this Court against Cordis that also involve the PROMUS stent and Cordis's patents: Civil Action Numbers 07-333-SLR, 07-348-SLR, and 07-409-SLR. Those actions respectively seek declarations that Cordis's U.S. Patent Nos. 7,217,286 (the " Falotico '286 patent"), 7,223,286 (the "Wright '286 patent"), and 7,229,473 (the "Wright '473 patent") are invalid or not infringed by the PROMUS stent.

Last July, Cordis filed motions to dismiss BSC's Civil Action Numbers 07-333-SLR, 07-348-SLR, and 07-409-SLR for supposed lack of subject matter jurisdiction, with a single memorandum in support of its request to dismiss those three actions. (*See* C.A. No. 07-333-SLR, D.I. 10, 11; C.A. No. 07-348-SLR, D.I. 8, 9; and C.A. No. 07-409-SLR, D.I. 7). The Court has not yet ruled on those motions to dismiss. Since this action is related to each of those three other pending BSC cases, Cordis's December 17, 2007 motion to dismiss this case incorporated by reference its prior memorandum of July 2007 and made no further substantive arguments. (*See* C.A. No. 07-765-SLR, D.I. 8).

BSC also filed a single memorandum in opposition to Cordis's motions to dismiss its first three declaratory judgment actions against Cordis on the PROMUS stent, on August 13, 2007. (*See* C.A. No. 07-333-SLR, D.I. 14, C.A. No. 07-348-SLR, D.I. 12, C.A. No. 07-409-SLR, D.I. 11, "Original Opposition Brief").

Finally, on December 20, 2007, Cordis filed a motion to transfer all four of the above declaratory judgment actions to the District of New Jersey, where Cordis presently has pending patent infringement actions against Abbott on the same four Cordis patents and the same stent product, Abbott's XIENCE V stent, as are involved in BSC's four pending declaratory judgment

2

actions against Cordis in this Court.[1] Cordis did not file suit against BSC on these four patents in the District of New Jersey at the time that it sued Abbott on those same patents.

## STATEMENT OF ADDITIONAL RELEVANT FACTS

In addition to all of the relevant facts cited in BSC's Original Opposition Brief of August 13, 2007, the following additional facts have arisen since that time to further support denying Cordis's motion to dismiss.

On November 29, 2007, a committee of advisors to the FDA voted to recommend approval of the Abbott XIENCE V stent, the same stent as the BSC PROMUS stent. (*See* November 29, 2007 Abbott Press Release, Exh. A ("Abbott Press Release")). Based on that FDA committee's recommendation, which the FDA usually follows, it is all the more likely that BSC will begin selling the PROMUS stent in the United States in early 2008.[2] Also, on November 27, 2007, Cordis filed suit against Abbott in the District of New Jersey alleging the infringement by Abbott of the same patent at issue here (the Falotico '662 patent) by the same product at issue here (the XIENCE V stent, which is the same as BSC's PROMUS stent). (*See Cordis Corp. v. Abbott Labs.*, C.A. No. 07-5636-JAP-JJH (D.N.J.)). Cordis cannot deny that it quite publicly placed BSC in apprehension of suit on the Falotico '662 patent over the PROMUS stent by suing Abbott in the District of New Jersey, which goes well beyond what is necessary to show an actual controversy exists between the parties that this Court should resolve.

---

[1] The PROMUS and XIENCE stents are the same stent since PROMUS is a private-labeled version of the XIENCE V stent that Abbott manufactures in the United States for BSC, pursuant to an agreement with BSC that requires Abbott to do so. Abbott is the only manufacturer of the PROMUS stent for BSC. (*See* Complaint at ¶ 17; C.A. No. 07-333-SLR, D.I. 15, Declaration of Todd Messal ("Messal Declaration") at ¶¶ 6–7).

[2] Presently, BSC has the PROMUS stent made for it by Abbott in the United States. BSC sells the PROMUS stent in Europe now and intends to sell it in the United States following FDA approval, which now appears even more imminent given the FDA committee's positive decision on the Abbott XIENCE V stent.

3

## ARGUMENT

The same facts and law set forth in BSC's Original Opposition Brief (filed last August), which warrant denial of Cordis's pending motions to dismiss BSC's first three declaratory judgment complaints, likewise mandate rejection of Cordis's hollow attempt to dismiss this related Complaint. Therefore, in opposition to Cordis's instant motion to dismiss, BSC incorporates by reference its Original Opposition Brief in its entirety.

This Court has jurisdiction over BSC's instant declaratory judgment complaint because, under the Supreme Court's recently-enunciated standard, the Complaint sets forth a "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *See MedImmune, Inc. v. Genentech, Inc.*, 127 S. Ct. 764, 771 (2007) (quoting *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). The Supreme Court held that there is no longer a requirement that a declaratory judgment plaintiff show a reasonable apprehension of suit (which is present here in any event) to support subject matter jurisdiction. *See id.* In response to *MedImmune*, the Federal Circuit held that "a declaratory judgment plaintiff is only required to satisfy Article III, which includes standing and ripeness, by showing under 'all the circumstances' an actual or imminent injury caused by the defendant that can be redressed by judicial relief and that is of 'sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Teva Pharms. USA, Inc. v. Novartis Pharms. Corp.*, 482 F.3d 1330, 1338 (Fed. Cir. 2007) (quoting *MedImmune*, 127 S. Ct. at 771).

Moreover, recent district court decisions (issued after the filing of BSC's Original Opposition Brief) have reinforced the view that *MedImmune* relaxed the standards for declaratory judgment jurisdiction. *See, e.g., Takeda Pharms. Co. Ltd. v. Sandoz, Inc.*, No. 07 Civ. 3844 (DLC), 2007 U.S. Dist. LEXIS 74860, at *18–19 (S.D.N.Y. Oct. 9, 2007) (holding

4

that jurisdiction exists under *MedImmune* even when the alleged infringer has not received FDA approval); *Sabert Corp. v. Waddington N. Am., Inc.*, No. 06-5423 (JAG), 2007 U.S. Dist. LEXIS 68092, at *7–13 (D.N.J. Sep. 14, 2007) (holding that a party need not risk being sued for patent infringement if it is clear that a patentee will assert its rights once the product is put on the market); *Monolithic Power Sys., Inc. v. O2 Micro Int'l Ltd.*, No. C 07-2363 CW, 2007 U.S. Dist. LEXIS 61961, at *8–11 (N.D. Cal. Aug. 13, 2007) (noting that *MedImmune* has lowered the bar for bringing a declaratory judgment lawsuit and that related cases involving the same parties and technology are relevant to the determination of whether declaratory judgment jurisdiction exists on other related patents).

The facts here would satisfy even the pre-*MedImmune* standard, particularly given Cordis's parallel suit against Abbott in the District of New Jersey on the same patent and stent in controversy here. Those facts certainly satisfy the post-*MedImmune* standard for subject matter jurisdiction.[3] There can be no legitimate debate over that question, and Cordis's motion should be denied for that reason alone.

Furthermore, even under the pre-*MedImmune* case law, subject matter jurisdiction was found where the "[p]laintiff . . . made meaningful preparation for such activity [that could be accused of infringement]." *See Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731, 736 (Fed. Cir. 1988). BSC's Complaint also meets this "meaningful preparation" or "imminent act" standard because BSC's Complaint alleges facts that show that BSC has made meaningful preparation to offer for sale and sell the PROMUS stent in the United States in early 2008.

---

[3] Cordis expressly accused Abbott's XIENCE V stent (in the District of New Jersey) of directly infringing the same Falotico '662 patent at issue in BSC's Complaint. Pursuant to an agreement with BSC, Abbott is required to (and does) manufacture the same stent in the United States for BSC, which BSC sells as the PROMUS stent. (*See* Complaint at ¶ 17; Messal Declaration at ¶¶ 6–7). BSC's complaint sets forth those facts and, accordingly, seeks a declaration that BSC is not liable for inducing infringement of the Falotico '662 patent by requiring Abbott to manufacture the PROMUS stent. (*See* Complaint at Prayer for Relief, ¶ (b)).

Those facts, and the imminence of BSC's introduction of the PROMUS stent, have since been bolstered by the FDA committee's recent recommendation for approval for sale in the United States of Abbott's identical XIENCE V stent. (*See* Abbott Press Release).

Finally, Cordis is simultaneously moving to both dismiss all four of BSC's pending, related declaratory judgment actions and transfer them to the District of New Jersey. On one hand, through its motion to transfer, Cordis at least tacitly acknowledges that subject matter jurisdiction exists over this controversy with BSC, provided that it resides in the New Jersey forum chosen by Cordis to sue Abbott. On the other hand, Cordis contends that no such subject matter jurisdiction exists over BSC's cases in Delaware on the same product, made by the same party (Abbott, which makes PROMUS for BSC's sale) and concerning the same four Cordis patents. That contradiction is as stark as it is telling. Cordis should not be permitted to try to modify its strategic decision not to sue BSC in New Jersey at the expense of BSC's rightful Delaware declaratory judgment actions, by having them dismissed or transferred to New Jersey now.

There is no doubt that the objectives for which the Declaratory Judgment Act was created manifestly would be served by hearing BSC's Complaint. There has been and still is an indisputably real, immediate, ripe, and present controversy between BSC and Cordis that should be heard in Delaware by this Court.

## CONCLUSION

For all of the foregoing reasons, the Court should deny Cordis's motion to dismiss BSC's complaint for lack of subject matter jurisdiction.

Dated: January 7, 2008

YOUNG CONAWAY STARGATT & TAYLOR LLP

*/s/ Karen L. Pascale*

Josy W. Ingersoll (No. 1088) [jingersoll@ycst.com]
Karen L. Pascale (No. 2903) [kpascale@ycst.com]
Karen E. Keller (No. 4489) [kkeller@ycst.com]
Andrew A. Lundgren (No. 4429) [alundgren@ycst.com]
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600

*Attorneys for Plaintiffs,*
*Boston Scientific Corporation and*
*Boston Scientific Scimed, Inc.*

OF COUNSEL:

Richard L. DeLucia
Paul M. Richter
Michael K. Levy
Jerry Canada
KENYON & KENYON LLP
One Broadway
New York, New York 10004
(212) 425-7200

**CERTIFICATE OF SERVICE**

I, Karen L. Pascale, Esquire, hereby certify that on January 7, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>   Steven J. Balick, Esquire [sbalick@ashby-geddes.com]
>   John G. Day, Esquire [jday@ashby-geddes.com]
>   Lauren E. Maguire, Esquire [lmaguire@ashby-geddes.com]
>   ASHBY & GEDDES
>   500 Delaware Avenue, 8th Floor
>   Wilmington, DE 19801

I further certify that on January 7, 2008, I caused a copy of the foregoing document to be served by e-mail on the above-listed counsel and on the following non-registered participants in the manner indicated:

>   ***By E-Mail***
>
>   David T. Pritikin, Esquire [dpritikin@sidley.com]
>   William H. Baumgartner, Esquire [wbaumgartner@sidley.com]
>   Paul E. Veith, Esquire [pveith@sidley.com]
>   Russell E. Cass, Esquire [rcass@sidley.com]
>   SIDLEY AUSTIN LLP
>   One South Dearborn
>   Chicago, IL 60603

>   YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>   /s/ *Karen L. Pascale*
>   _____
>   Josy W. Ingersoll (#1088) [jingersoll@ycst.com]
>   Karen L. Pascale (#2903) [kpascale@ycst.com]
>   Karen E. Keller (#4489) [kkeller@ycst.com]
>   Andrew A. Lundgren (#4429) [alundgren@ycst.com]
>   The Brandywine Building
>   1000 West Street, 17th Floor
>   Wilmington, Delaware  19801
>   (302) 571-6600
>   *Attorneys for Plaintiffs, Boston Scientific Corporation and Boston Scientific Scimed, Inc.*

Exhibit A


Abbott
A Promise for Life

Print This Page | Back to Web Page

## Press Release

### FDA Advisory Committee Recommends Approval of Abbott's XIENCE™ V Drug Eluting Stent System

Abott Park, Illinois, November 29, 2007 — Abbott announced today that the Circulatory System Devices Advisory Panel to the U.S. Food and Drug Administration (FDA) recommended approval for the XIENCE™ V Everolimus Eluting Coronary Stent System. XIENCE V is a next-generation drug eluting stent intended for use in the treatment of coronary artery disease.

The FDA advisory committee voted to recommend the XIENCE V stent system for approval with conditions related to post-marketing study requirements and language related to dual antiplatelet therapy. The FDA is not required to, but usually follows the recommendations of its advisory committees.

"The clinical and angiographic benefits of the XIENCE V stent compared to the most widely used drug eluting stent available in the U.S. have been consistent and significant across the SPIRIT trials," said Gregg W. Stone, M.D., of Columbia University Medical Center and the Cardiovascular Research Foundation, New York and principal investigator of the SPIRIT III clinical trial. "The robust body of safety and efficacy data support approval of XIENCE V as an important new technology that will enhance the lives of millions of patients with heart disease."

Abbott filed its Premarket Approval (PMA) submission for XIENCE V with the FDA on June 1, 2007. The PMA for XIENCE V is the first to include data demonstrating superiority of one drug eluting stent over another in the primary endpoint of in-segment late loss in a randomized controlled head-to-head trial with a market leading product.

"The outcome of today's advisory committee meeting is very encouraging," said John M. Capek, Ph.D., executive vice president, Medical Products, Abbott. "We look forward to bringing this important new treatment for coronary artery disease to physicians and patients in the U.S."

XIENCE V was launched in Europe and other international markets in 2006. XIENCE V is currently an investigational device in the United States and Japan.

**About Abbott**
Abbott is a global, broad-based health care company devoted to the discovery, development, manufacture and marketing of pharmaceuticals and medical products, including nutritionals, devices and diagnostics. The company employs 65,000 people and markets its products in more than 130 countries.

**Media:**
Kelly Morrison (847) 772-1074
Melissa Brotz (847) 935-3456

**Financial:**
John Thomas (847) 938-2655

top of page

Home | Select a Country | Site Map | Contact Us | Privacy Policy | Terms of Use

Copyright © 2006, 2007 Abbott Laboratories. Abbott Park, Illinois, U.S.A.

Unless otherwise specified, all product names appearing in this Internet site are trademarks owned by or licensed to Abbott Laboratories, its subsidiaries or affiliates. No use of any Abbott trademark, trade name, or trade dress in this site may be made without the prior written authorization of Abbott Laboratories, except to identify the product or services of the company.