IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BOSTON SCIENTIFIC CORPORATION and BOSTON SCIENTIFIC SCIMED, INC., <br><br> Plaintiffs, <br><br> v. <br><br> JOHNSON & JOHNSON, INC. and CORDIS CORPORATION, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 07-765-SLR |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Defendants Johnson & Johnson, Inc. and Cordis Corporation (collectively "Cordis") submit this reply in response to the Answering Brief filed by plaintiffs Boston Scientific Corporation and Boston Scientific Scimed, Inc. (collectively "Boston Scientific").

On January 9, 2008, the Court entered an order denying Abbott Laboratories' ("Abbott") motion for reconsideration of the Court's decision dismissing Abbott's declaratory judgment cases – involving the same patents and accused product at issue in the Boston Scientific cases – in favor of Cordis's actions filed in the District of New Jersey. Now that the Abbott cases are proceeding in New Jersey, Cordis submits that the appropriate course of action here would be for this Court to transfer the Boston Scientific cases to New Jersey and allow the New Jersey Court to resolve the jurisdictional issues. As Cordis explained in its motion to transfer the Boston Scientific cases, filed on December 20, 2007[1], the Boston Scientific cases

---

[1] See D.I. 21 in C.A. No. 07-333-SLR, D.I. 19 in C.A. No. 07-348-SLR, D.I. 22 in C.A. No. 07-409-SLR, and D.I. 9 in C.A. No. 07-765-SLR.

involve the exact same patents and the exact same accused product[2] as the Abbott cases in New Jersey. The Abbott New Jersey cases are also the first-filed cases – Boston Scientific filed its first declaratory judgment action ten days after Cordis filed the first of the Abbott cases in New Jersey. Consequently, transfer of the Boston Scientific cases is appropriate and would result in greater efficiency for the parties and the Court.

Even if the Court were to determine that it should decide the jurisdictional issue, Boston Scientific's arguments in favor of jurisdiction are unpersuasive. The majority of Boston Scientific's arguments are addressed in Cordis's opening and reply briefs in support of its motion to dismiss, and Cordis will not burden the Court by repeating them here. (*See* D.I. 11, 16 in C.A. No. 07-333-SLR, and D.I. 9, 14 in C.A. No. 07-348-SLR.) Boston Scientific makes three new arguments, none of which are persuasive.

First, Boston Scientific argues that Cordis's motion to transfer the Boston Scientific cases somehow amounts to an acknowledgement that subject matter jurisdiction exists for Boston Scientific's declaratory judgment actions. (Boston Scientific Br. at 6.) This argument makes no sense. Cordis filed its motion to transfer in the alternative because, now that the Abbott litigation will proceed in New Jersey, it makes sense for the New Jersey Court to consider the Boston Scientific cases as well, including whether subject matter jurisdiction exists for those cases. Boston Scientific cites no authority for the proposition that filing a motion to transfer amounts to an admission that subject matter jurisdiction is proper, particularly where there is a pending motion to dismiss.

Second, Boston Scientific points to the fact that on November 29, 2007, a committee of advisors to the FDA voted to recommend approval of the Abbott Xience V stent.

---

[2] Boston Scientific's Promus stent at issue in this litigation is simply a private-label version of the Abbott Xience V stent at issue in the New Jersey cases.

(Boston Scientific Br. at 3.) But that recommendation occurred *after* Boston Scientific filed its Complaint in this action on November 27, 2007. A party claiming declaratory judgment jurisdiction must "establish that such jurisdiction existed at the time the claim for declaratory relief was filed." *Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1344 (Fed. Cir. 2007). Boston Scientific cannot rely on later events to support its claim for jurisdiction at the time its Complaint was filed.

Finally, Boston Scientific cites several additional cases in support of its jurisdictional position, but these add nothing to the cases and arguments already before the Court. (Boston Scientific Br. at 4.) *Sabert Corp. v. Waddington N. Am., Inc.*, 2007 WL 2705157 (D.N.J. Sep. 14, 2007), concerned metal-coated plastic cutlery and dinnerware, not a medical drug or product that was subject to FDA review and approval. *Id.* at *1. And, there was no suggestion that the plaintiff was not ready to begin selling the accused product immediately. In *Monolithic Power Sys., Inc. v. O2 Micro Int'l, Ltd.*, 2007 WL 2318924 (N.D. Cal. Aug. 13, 2007), the accused products at issue were electronic controllers which were already being marketed by the Plaintiff, not drugs or medial devices subject to FDA approval. *Id.* at *1. And, in *Takeda Pharms. Co. Ltd. v. Sandoz, Inc.*, 2007 WL 2936208 (S.D.N.Y. Oct. 9, 2007), the accused product was a generic drug subject to an expedited FDA review process via an Abbreviated New Drug Application (ANDA), *id.* at *1, unlike the Promus stent, which is not a generic drug and requires a comprehensive FDA review and extensive clinical trials before FDA review can be granted.

For the foregoing reasons, Cordis respectfully requests that this case be transferred to the District of New Jersey, or in the alternative, dismissed for lack of subject matter jurisdiction.

3

          ASHBY & GEDDES

          */s/ Lauren E. Maguire*
          _____
          Steven J. Balick (I.D. # 2114)
          John G. Day (I.D. #2403)
          Lauren E. Maguire (I.D. #4261)
          500 Delaware Avenue, 8th Floor
          P.O. Box 1150
          Wilmington, DE 19899
          (302) 654-1888
          sbalick@ashby-geddes.com
          jday@ashby-geddes.com
          lmaguire@ashby-geddes.com

          *Attorneys for Defendants*

*Of Counsel:*

David T. Pritikin
William H. Baumgartner, Jr.
Paul E. Veith
Russell E. Cass
Sidley Austin LLP
One South Dearborn
Chicago, IL  60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036

Dated: January 17, 2008

187386.1