IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BOSTON SCIENTIFIC CORPORATION and BOSTON SCIENTIFIC SCIMED, INC.,<br><br>      Plaintiffs,<br><br>      v.<br><br>JOHNSON & JOHNSON, INC. and CORDIS CORPORATION,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 07-765-SLR<br><br>   **JURY TRIAL DEMANDED** |

## ANSWER AND COUNTERCLAIMS

Johnson & Johnson, Inc. ("J&J") and Cordis Corporation ("Cordis Corp.") (collectively, "Cordis"), by their attorneys, for their Answer to the Complaint for Declaratory Judgment of Patent Invalidity and Noninfringement ("Complaint") of Boston Scientific Corporation and Boston Scientific Scimed, Inc. (collectively, "Plaintiffs"), hereby state as follows:

**COMPLAINT 1.**  This is an action for a declaratory judgment that United States Patent No. 7,300,662 entitled "Drug/Drug Delivery Systems for the Prevention and Treatment of Vascular Disease" (the "Falotico '662 patent") is invalid and not infringed by BSC.  The Falotico '662 patent is attached as Exhibit A.

**ANSWER 1.**  Cordis admits that Boston Scientific's Complaint purports to state a claim for a declaratory judgment that U.S. Patent No. 7,300,662 ("the '662 patent") is invalid and not infringed.  Cordis also admits that a copy of the '662 patent was attached to Boston Scientific's Complaint.  Cordis otherwise denies the allegations in Paragraph 1.

**COMPLAINT 2.**  Plaintiff Boston Scientific Corporation is a corporation organized under the laws of the State of Delaware, having its principal place of business at One Boston Scientific Place, Natick, Massachusetts 01760.

**ANSWER 2.**  Cordis admits the allegations in Paragraph 2.

**COMPLAINT 3.**  Plaintiff Boston Scientific Scimed, Inc. is a corporation organized under the laws of the State of Minnesota, having its principle place of business at One Scimed Place, Maple Grove, Minnesota 55311.

**ANSWER 3.**  Cordis admits the allegations in Paragraph 3.

**COMPLAINT 4.**  Upon information and belief, Defendant Johnson & Johnson, Inc. is a corporation organized under the laws of the State of New Jersey and has a principal place of business at One Johnson & Johnson Plaza, New Brunswick, New Jersey 08933.

**ANSWER 4.**  Cordis admits the allegations in Paragraph 4.

**COMPLAINT 5.**  Upon information and belief, Defendant Cordis Corporation ("Cordis") is a corporation organized under the laws of the State of Florida and has a principal place of business in Miami Lakes, Florida. Cordis is a subsidiary of Johnson & Johnson, Inc.

**ANSWER 5.**  Cordis admits that Cordis Corp. is a corporation organized under the laws of the State of Florida and is a subsidiary of J&J.  Cordis denies the remaining allegations in Paragraph 5.

**COMPLAINT 6.**  This action arises under the Patent Laws of the United States (35 U.S.C. § 1, *et seq.*).

**ANSWER 6.**  Cordis admits that this action seeks a declaratory judgment of invalidity and infringement and thus implicates the patent laws of the United States.  Cordis denies the remaining allegations in Paragraph 6.

**COMPLAINT 7.**   This Court has jurisdiction over the subject matter of all causes of action herein pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

**ANSWER 7.**  Cordis admits that the Court determined in an opinion dated January 25, 2008 that subject matter jurisdiction exists for this action.  Cordis denies the remaining allegations in Paragraph 7.

**COMPLAINT 8.**  On information and belief, J&J has systematic and continuous contacts in this judicial district.

**ANSWER 8.** Cordis states that it does not contest that the Court has personal jurisdiction over Cordis in this action. Cordis denies the remaining allegations in Paragraph 8.

**COMPLAINT 9.** On information and belief, J&J regularly avails itself of the benefits of this judicial district, including the jurisdiction of the courts.

**ANSWER 9.** Cordis admits that it has, in certain instances, availed itself of the benefits of this judicial district, and, in certain instances, this included the jurisdiction of the courts. Cordis denies the remaining allegations in Paragraph 9.

**COMPLAINT 10.** On information and belief, J&J regularly transacts business within this judicial district.

**ANSWER 10.** Cordis admits that it transacts business within this judicial district. Cordis denies the remaining allegations in Paragraph 10.

**COMPLAINT 11.** On information and belief, J&J regularly sells products in this judicial district. J&J derives substantial revenues from sales in this district.

**ANSWER 11.** Cordis admits that it sells products in this judicial district. Cordis further admits that it derives revenues from sales of products in this district. Cordis denies the remaining allegations in Paragraph 11.

**COMPLAINT 12.** This Court has personal jurisdiction, general and specific, over J&J.

**ANSWER 12.** Cordis states that it does not contest personal jurisdiction in this action. Cordis denies the remaining allegations in Paragraph 12.

**COMPLAINT 13.** Venue in this judicial district is proper pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

**ANSWER 13.** Cordis states that it does not contest that venue exists for this action in this judicial district. Cordis denies that this judicial district is the appropriate or most convenient forum in which to litigate this action. Cordis believes that the appropriate forum

to litigate this action is the District of New Jersey, where earlier-filed cases are pending involving the exact same patents and the exact same accused product as in this action.

**COMPLAINT 14.** BSC is a world renowned leader in the development of intravascular stents used to treat coronary artery disease.

**ANSWER 14.** Cordis admits that Boston Scientific develops, manufactures and sells stent delivery systems throughout the world and that these products are used to treat coronary artery disease. Cordis denies the remaining allegations in Paragraph 14.

**COMPLAINT 15.** J&J and, in particular, Cordis, directly compete with BSC in the field of intravascular stents used to treat coronary artery disease.

**ANSWER 15.** Cordis admits that Cordis directly competes with BSC in the field of intravascular stents used to treat coronary artery disease. Cordis denies the remaining allegations in Paragraph 15.

**COMPLAINT 16.** J&J has a well-known history of suing competitors, including BSC, in the field of intravascular stents for patent infringement. Within the past several years, J&J and/or Cordis have sued BSC in this Court, alleging patent infringement in cases involving intravascular stents used to treat coronary artery disease. BSC has also brought suits for patent infringement against J&1 within this judicial district.

**ANSWER 16.** Cordis admits that there has been litigation in the stent industry, that Cordis has, in the past, brought actions in this Court against Boston Scientific for infringement of patents relating to intravascular stents used to treat coronary artery disease, and that Cordis's stent patents have been found after jury trials to be valid and infringed by BSC. Cordis admits that Boston Scientific has, in the past, sued Cordis for patent infringement in this Court. Cordis denies the remaining allegations in Paragraph 16.

**COMPLAINT 17.** Pursuant to an agreement between BSC and Abbott Laboratories ("Abbott"), BSC is presently selling the PROMUS™ Everolimus-Eluting Coronary Stent System ("PROMUS") in Europe and other countries outside the United States. The PROMUS stent is a private-labeled XIENCE™ V Everolimus Eluting Coronary Stent System ("XIENCE V") which is manufactured for BSC by Abbott in the United States. The PROMUS stent is an intravascular stent used to treat coronary artery disease. It

4

advantageously releases a drug designed to diminish reblocking (restenosis) of the patient's blood vessel into which the stent has been inserted.

**ANSWER 17.** Cordis admits that BSC has stated that pursuant to an agreement between it and Abbott, BSC has rights to sell the Promus coronary stent. Cordis further admits that BSC has stated that the Promus stent is a private-labeled Xience V stent manufactured for BSC by Abbott in the United States. Cordis admits that BSC is presently selling the Promus stent in Europe and other countries outside the United States. Cordis further admits that the Promus stent is an intravascular stent used to treat coronary artery disease, and releases the drug Everolimus, a macrocyclic lactone analog of rapamycin, which is designed to diminish restenosis of the patient's blood vessel into which the stent has been inserted. Cordis is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17, and therefore denies the same.

**COMPLAINT 18.** The PROMUS stent received CE Mark approval in October 2006, which allows BSC to distribute PROMUS in 27 countries of the European Economic Area. Since that time, BSC has been taking title to the PROMUS stent from Abbott in the United States and then exporting those stents to the European market. BSC intends to begin selling its PROMUS stent in the United States in 2008.

**ANSWER 18.** Cordis admits that the Promus stent received CE Mark approval in October 2006, which allows Boston Scientific to distribute the Promus stent in Europe. Cordis is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18.

**COMPLAINT 19.** In 2006, BSC purchased Guidant Corporation ("Guidant"). As part of the agreement governing the Guidant acquisition, Guidant separately sold the rights to its everolimus-eluting stent product to Abbott. BSC separately entered into an agreement with Abbott that permits BSC to sell (under the designation "PROMUS") the everolimus-eluting stents manufactured by Abbott (which Abbott sells on its own as its "XIENCE V" stent).

**ANSWER 19.** Cordis admits that on January 25, 2006, Guidant and Boston Scientific announced that they had entered into a merger agreement, and Guidant announced

5

that Abbott would acquire Guidant's intervention and endovascular businesses.  Cordis admits that BSC has stated that, pursuant to an agreement between it and Abbott, BSC is presently selling the Promus coronary stent, and that the Promus stent is a private-labeled XienceV stent manufactured for BSC by Abbott in the United States.  Cordis is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19.

**COMPLAINT 20.**  Abbott currently manufactures and sells its own everolimus-eluting stent, the XIENCE V stent, which is the same product as BSC's PROMUS stent, and BSC has made a substantial investment in the PROMUS stent.

**ANSWER 20.**  Cordis admits that Abbott is currently manufacturing and selling the Xience V™ Everolimus-Eluting Coronary Stent System.  Cordis further admits that BSC has stated that the Promus stent is a private-labeled version of the Xience V stent.  Cordis is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20.

**COMPLAINT 21.**  On May 15, 2007, Cordis filed a Complaint against Abbott in the United States District Court for the District of New Jersey (Civil Action No. 07-2265), alleging infringement of U.S. Patent No. 7,217,286 (the "Falotico '286 patent" or alternatively, the "'7286 patent").  On May 29, 2007, Cordis filed a Complaint against Abbott in the United States District Court for the District of New Jersey (Civil Action No. 07-2477), alleging infringement of U.S. Patent No. 7,223,286 (the "Wright '286 patent" or alternatively, the "'3286 patent").  On June 12, 2007, Cordis filed a Complaint against Abbott in the United States District Court for the District of New Jersey (Civil Action No. 07-2728), alleging infringement of U.S. Patent No. 7,229,473 (the "Wright '473 patent").  Collectively, these three Cordis patents are referred to as "the Asserted Cordis Patents."

**ANSWER 21.**  Cordis admits the allegations in Paragraph 21.

**COMPLAINT 22.**  During the prosecution of each of the Asserted Cordis Patents, Cordis separately petitioned the United States Patent and Trademark Office for expedited consideration in view of perceived patent infringement in connection with the XlENCE V stent.  Upon issuance of these three patents, Cordis promptly asserted the new patents against Abbott.  Exactly the same circumstances exist with regard to the Falotico '662 patent:  Cordis likewise petitioned for expedited Patent Office review of the application that led to the Falotico '662 patent based, again, on perceived infringement by the XlENCE V stent. The petition of August 7, 2006 is attached as Exhibit B.

**ANSWER 22.**  Cordis admits that it filed Petitions to Make Special in the U.S. Patent and Trademark Office relating to the '7286 patent, '3286 patent, Wright '473 patent, and Falotico '662 patent based on infringement of those patents by Abbott.  Cordis further admits that it brought actions against Abbott for infringement of those patents promptly upon issuance.  Cordis denies the remaining allegations of Paragraph 22.

**COMPLAINT 23.**  Cordis' recent pattern of promptly asserting its new patents, and in particular those patents issuing from an expedited Patent Office evaluation demanded by Cordis because of alleged infringement, has created a present substantial controversy between J&J and BSC concerning the PROMUS stent. J&J, through Cordis, has asserted rights under related patents against the same product as the PROMUS stent, and the alleged infringement of the Asserted Cordis Patents has created an apprehension that Cordis will sue BSC for alleged infringement of the Falotico '662 patent.

**ANSWER 23.**  Cordis admits that the Xience V stent infringes the '7286 patent, the '3286 patent, the '473 patent and the '662 patent, and that it has asserted infringement of those patents against the Xience V stent.  Cordis denies the remaining allegations in Paragraph 23.

**COMPLAINT 24.**  There are now five cases pending in the District of Delaware that are related to the instant case, as set forth in the below paragraphs.

**ANSWER 24.**  Cordis denies the allegations in Paragraph 24.

**COMPLAINT 25.**  On September 29, 2006, Abbott filed a declaratory judgment action against J&J, alleging that other Cordis-owned patents - U.S. Patent Nos. 6,585,764 (the "'764 patent"), 6,776,796 (the "'796 patent"), and 6,808,536 (the "'536 patent") - are invalid and not infringed by Abbott's manufacture and/or use of the XIENCE V stent in the Unites States.  (*See* Ex. C, the complaint in Civil Action No. 06-613-SLR).[1]  Although on August 8, 2007, Cordis granted Abbott a covenant not to sue on those patents, that action remains active in view of pending motions to amend the complaint, as explained below.

**ANSWER 25.**  Cordis admits that Abbott filed a declaratory judgment action against Cordis in the United States District Court for the District of Delaware on September 29, 2006, that this action was assigned Civil Action No. 06-613-SLR ("the '613 action"), and that Abbott claimed in that action that Cordis's U.S. Patent No. 6,585,764, U.S. Patent No.

---

[1] The exhibits originally filed with Exhibits C-L herein have not been attached.  Exhibits C-K correspond to Exhibits C-K filed with the complaint in Civil Action No. 07-409-SRL and Exhibit L is the complaint in Civil Action No. 07-409-SLR.  Should the Court require a copy of these exhibits, Plaintiffs are available to do so.

6,808,536, and U.S. Patent No. 6,776,796 were invalid and not infringed by Abbott's XIENCE V stent. Cordis further admits that on May 15, 2007, Abbott sought leave to file a supplemental complaint in the '613 action to add a declaratory judgment claim that Cordis's U.S. Patent No. 7,217,286 was invalid and not infringed by its XIENCE V stent. Cordis further states that on November 28, 2007, the United States District Court for the District of Delaware dismissed the Abbott '613 action for lack of subject matter jurisdiction, denied Abbott's motion to amend its '613 action, and denied Abbott's motion to enjoin Cordis from prosecuting its actions against Abbott in the District of New Jersey. Cordis admits that this action and the now-dismissed '259 action involve the same patent and accused product. Cordis denies the remaining allegations in Paragraph 25.

**COMPLAINT 26.** On May 15, 2007, Abbott filed a declaratory judgment action against Cordis in the United States District Court for the District of Delaware relating to U.S. Patent No, 7,217,286 (the "Falotico '286 patent"). *(See* Ex. D, the complaint in Civil Action No. 07-259-SLR). Abbott alleges in its May 15 complaint that the Falotico '286 patent is invalid and not infringed by Abbott's manufacture and/or use of the XIENCE V stent in the Unites States. *(Id.* at p. 17). Abbott's declaratory judgment action against the Falotico '286 patent, which is currently pending in this judicial district, is the first filed action concerning the Falotico '286 patent. Also on May 15, 2007, Abbott filed a motion for leave to file a supplemental complaint or in the alternative to consolidate related cases in Civil Action No. 06-613-SLR pending before the United States District Court for the District of Delaware. *(See* Ex. E, Abbott's motion for leave to file a supplemental complaint or consolidate related cases). Abbott's motion requests leave to file a supplemental complaint to add a claim for declaratory judgment of invalidity and noninfringement of the Falotico '286 patent. *(Id.* at p. 2).

**ANSWER 26.** Cordis admits that Abbott filed a declaratory judgment action against Cordis in the United States District Court for the District of Delaware on May 15, 2007, that this action was assigned Civil Action No. 07-259-SLR ("the '259 action"), and that Abbott claimed in that action that Cordis's U.S. Patent No. 7,217,286 was invalid and not infringed by its XIENCE V stent. Cordis further admits that on May 15, 2007, Abbott sought leave to file a supplemental complaint in the '613 action (also called the "September 29 action") to

8

add a declaratory judgment claim that Cordis's U.S. Patent No. 7,217,286 was invalid and not infringed by its XIENCE V stent. Cordis states that on May 15, 2007, prior to Abbott filing the '259 action in Delaware, Cordis Corp. filed a parallel patent infringement action against Abbott on the same patent in the United States District Court for the District of New Jersey. That case is captioned Cordis Corp. v. Abbott Laboratories, Civil Action No. 07-2265-JAP ("the '2265 action"). Cordis further states that on November 28, 2007, the United States District Court for the District of Delaware dismissed the Abbott September 29 action for lack of subject matter jurisdiction, denied Abbott's motion to amend its September 29 action, dismissed the '259 action in favor of the parallel first filed action by Cordis against Abbott in the District of New Jersey and denied Abbott's motion to enjoin Cordis from prosecuting the '2265 action in the District of New Jersey. Cordis denies the remaining allegations in Paragraph 26.

**COMPLAINT 27.** On May 25, 2007, BSC filed a declaratory judgment action against Cordis in the United States District Court for the District of Delaware relating to the Falotico '286 patent. *(See* Ex. F, the complaint in Civil Action No. 07-333-SLR). BSC asserts in that May 25 complaint that the Falotico '286 patent is invalid and not infringed by BSC's above-recited activities regarding the PROMUS stent. *(Id.* at p. 6).

**ANSWER 27.** Cordis admits that Boston Scientific filed a declaratory judgment action against Cordis in the United States District Court for the District of Delaware on May 25, 2007, that this action was assigned Civil Action No. 07-333-SLR ("the '333 action"), and that Boston Scientific claimed in that action that Cordis's U.S. Patent No. 7,217,286 was invalid and not infringed by Boston Scientific's Promus stent. Cordis denies the remaining allegations in Paragraph 27.

**COMPLAINT 28.** On May 29, 2007, Abbott filed a supplemental motion for leave to file a supplemental complaint or in the alternative to consolidate related cases in Civil Action No. 06-613-SLR pending before the United States District Court for the District of Delaware. *(See* Ex. G, Abbott's motion for leave to file a supplemental complaint or to consolidate related cases). Also on May 29, 2007, Abbott filed a motion for leave to file a

9

supplemental complaint in Civil Action No. 07-259-SLR pending before the United States District Court for the District of Delaware. *(See* Ex. H, Abbott's supplemental motion for leave to file a supplemental complaint). Abbott's motions request leave to file supplemental complaints to add claims for declaratory judgment of invalidity and noninfringement of U.S. Patent No. 7,223,286 (the "Wright '286 patent"). (Ex. G at p. 1; Ex. H at p. 1).

**ANSWER 28.** Cordis admits that on May 29, 2007 Abbott filed a motion for leave to file a supplemental complaint in the '613 action to add a claim that Cordis's U.S. Patent No. 7,223,286 was invalid and not infringed by Abbott's XIENCE V stent. Cordis further admits that on May 29, 2007 Abbott filed a motion for leave to file a supplemental complaint in the '259 action to add a claim that Cordis's U.S. Patent No. 7,223,286 was invalid and not infringed by Abbott's XIENCE V stent. Cordis further states that on November 28, 2007, the United States District Court for the District of Delaware dismissed the '613 action for lack of subject matter jurisdiction, denied Abbott's motion to amend the '613 action, dismissed the '259 action in favor of the parallel first filed action by Cordis against Abbott in the District of New Jersey, and denied Abbott's motion to enjoin Cordis from prosecuting its actions against Abbott in the District of New Jersey. Cordis denies the remaining allegations in Paragraph 28.

**COMPLAINT 29.** On June 1, 2007, BSC filed a declaratory judgment action against J&J in the United States District Court for the District of Delaware relating to the Wright '286 patent. *(See* Ex. 1, the complaint in Civil Action No. 07-348-SLR). BSC asserts in its June 1 complaint that the Wright '286 patent is invalid and not infringed by BSC's above-recited activities regarding the PROMUS stent. *(Id* at p. 7).

**ANSWER 29.** Cordis admits that Boston Scientific filed a declaratory judgment action against Cordis in the United States District Court for the District of Delaware on June 1, 2007, that this action was assigned Civil Action No. 07-348-SLR ("the '348 action"), and that Boston Scientific claimed in that action that Cordis's U.S. Patent No. 7,223,286 was invalid and not infringed by Boston Scientific's Promus stent. Cordis denies the remaining allegations in Paragraph 29.

**COMPLAINT 30.** On June 12, 2007, Abbott filed a second supplemental motion for leave to file a supplemental complaint or in the alternative to consolidate related cases in Civil Action No. 06613-SLR pending before the United States District Court for the District of Delaware. *(See* Ex. J, Abbott's second supplemental motion for leave to file a supplemental complaint or to consolidate related cases). Also on June 12, 2007, Abbott filed a supplemental motion for leave to file a supplemental complaint in Civil Action No. 07-259-SLR pending before the United States District Court for the District of Delaware. *(See* Ex. K, Abbott's supplemental motion for leave to file a supplemental complaint). Abbott's motions request leave to file supplemental complaints to add claims of invalidity and noninfringement of U.S. Patent No. 7,229,473 (identified as the "Wright '473 patent"). (Ex. J at p. 1; Ex. K at p. 1).

**ANSWER 30.** Cordis admits that on June 12, 2007 Abbott filed a motion for leave to file a supplemental complaint in the '613 action to add a claim that Cordis's U.S. Patent No. 7,229,473 was invalid and not infringed by Abbott's XIENCE V stent. Cordis further admits that on June 12, 2007 Abbott filed a motion for leave to file a supplemental complaint in the '259 action to add a claim that Cordis's U.S. Patent No. 7,229,473 was invalid and not infringed by Abbott's XIENCE V stent. Cordis further states that on November 28, 2007, the United States District Court for the District of Delaware dismissed the '613 action for lack of subject matter jurisdiction, denied Abbott's motion to amend the '613 action, dismissed the '259 action in favor of the parallel first filed action by Cordis against Abbott in the District of New Jersey, and denied Abbott's motion to enjoin Cordis from prosecuting its actions against Abbott in the District of New Jersey. Cordis denies the remaining allegations in Paragraph 30.

**COMPLAINT 31.** On June 22, 2007, BSC filed a declaratory judgment action against J&J in the United States District Court for the District of Delaware relating to the Wright '473 patent. *(See* Ex. L, the complaint in Civil Action No. 07-409-SLR). BSC asserts in its June 22 complaint that the Wright '473 patent is invalid and not infringed by BSC's above-recited activities regarding the PROMUS stent. *(Id.* at p. 8).

**ANSWER 31.** Cordis admits that Boston Scientific filed a declaratory judgment action against Cordis in the United States District Court for the District of Delaware on June 22, 2007, that this action was assigned Civil Action No. 07-409-SLR ("the '409 action"), and

that Boston Scientific claimed in that action that Cordis's U.S. Patent No. 7,229,473 was invalid and not infringed by Boston Scientific's Promus stent. Cordis denies the remaining allegations in Paragraph 31.

**COMPLAINT 32.** The instant action by BSC against J&J is related to Abbott's September 29, 2006 action because at least the Falotico '796 patent is part of the same patent family as the Falotico '662 patent, the prior art to both patents is related, and the products at issue in the September 29, 2006 action (Abbott's XIENCE V) and this action (BSC's PROMUS) are related. Also, as discussed above, Abbott has also recently filed motions to amend its complaint in the September 29, 2006 action to include the Falotico '286 patent, the Wright '286 patent, and the Wright '473 patent or, in the alternative, consolidate its September 29, 2006, May 15, May 29, and June 12 actions.

**ANSWER 32.** Cordis admits that the instant action is related to the actions brought by Cordis against Abbott and Boston Scientific in the District of New Jersey and the other actions brought by Boston Scientific against Cordis in the District of Delaware because they involve the same patent, patents in the same patent family and/or the same accused product. Cordis denies the remaining allegations in Paragraph 32.

**COMPLAINT 33.** The instant action by BSC against J&J is related to Abbott's May 15 complaint and supplemental complaint and BSC's May 25 complaint on the Falotico '286 patent, Abbott's May 29 supplemental complaints and BSC's June 1 complaint on the Wright '286 patent, and BSC's June 22 complaint on the Wright '473 patent, because the patents involved all have claims purporting to cover similar subject matter, the prior art to the those patents is related, and the products of the declaratory judgment plaintiffs, XIENCE V (Abbott) and PROMUS (BSC), are related. Essentially identical Scheduling Orders have been entered in Abbott's declaratory judgment case (Civil Action No. 06-613-SLR, D.I. 85) and BSC's declaratory judgment cases (Civil Action No. 07-333-SLR, D.I. 19; Civil Action No. 07-348-SLR, D.I. 17; Civil Action No. 07-409-SLR, D.I. 18).

**ANSWER 33.** Cordis admits that the instant action is related to Boston Scientific's May 25 '333 action, Boston Scientific's June 1 '348 action, Boston Scientific's June 22 '409 action, and the actions brought by Cordis against Abbott and Boston Scientific in the District of New Jersey because they involve the same patent, patents in the same patent family and/or the same accused product. Cordis denies the remaining allegations in Paragraph 33.

**COMPLAINT 34.**  BSC repeats and realleges each and every allegation contained in paragraphs 1-33 of this Complaint as though fully set forth herein.

**ANSWER 34.**  Cordis incorporates and realleges its answers to Paragraphs 1-33 of the Complaint.

**COMPLAINT 35.**  Each of the claims in the Falotico '662 patent is invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including, but not limited to, 35 U.S.C. §§ 102, 103 and 112.

**ANSWER 35.**  Cordis denies the allegations in Paragraph 35.

**COMPLAINT 36.**  The PROMUS stent does not infringe any valid claim of the Falotico '662 patent.

**ANSWER 36.**  Cordis denies the allegations in Paragraph 36.

## COUNTERCLAIMS

For its counterclaims, Cordis alleges the following:

## THE PARTIES

1. Counterclaim Plaintiff Cordis Corporation ("Cordis"), 33 Technology Drive, Warren, New Jersey, is a Florida corporation with a principal place of business in Warren, New Jersey.  Cordis also has facilities in Clark, New Jersey.  Cordis is a pioneer in developing invasive treatments for vascular disease, including the CYPHER® drug-eluting stent, a drug/device combination for the treatment of coronary artery disease.

2. Upon information and belief, Counterclaim Defendant Boston Scientific Corporation, One Boston Scientific Place, Natick, Massachusetts 01760, is a Delaware corporation with a principal place of business in Massachusetts.  Upon information and belief, Counterclaim Defendant Boston Scientific Scimed, Inc. is a corporation organized under the laws of Minnesota and has a principal place of business at One Scimed Place, Maple Grove, Minnesota 55311.  Upon information and belief, Boston Scientific

Scimed, Inc. is a subsidiary of Boston Scientific Corporation. Boston Scientific Corporation and Boston Scientific Scimed, Inc. will be collectively referred to herein as "BSC."

## JURISDICTION AND VENUE

3. For purposes of Cordis's counterclaims, this Court has subject matter jurisdiction over the patent infringement claims under 28 U.S.C. §§ 1331 and 1338(a), 2201 and 2202.

4. For purposes of Cordis's counterclaims, venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## FACTUAL ALLEGATIONS

5. Pursuant to an agreement between BSC and Abbott Laboratories ("Abbott"), BSC is presently selling the Promus drug-eluting coronary stent in Europe and other countries outside the United States. The Promus stent is a private-labeled version of the Abbott Xience V drug-eluting stent which is manufactured for BSC by Abbott in the United States.

6. The Promus stent received CE Mark approval in October 2006, which allows BSC to distribute the Promus stent in Europe. Since that time, on information and belief, BSC has been taking title to the Promus stent from Abbott in the United States and exporting those stents to the European market.

7. BSC has previously stated that it intends to begin selling its Promus stent in the United States in 2008. On November 29, 2007, a committee of advisors to the FDA voted to recommend approval of the Abbott Xience V stent, which is the same stent as the Promus stent. BSC has stated that it believes that FDA approval of the Promus stent is

imminent, and that it intends to begin selling the Promus stent in the United States upon FDA approval.

8. On May 29, 2007, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 7,300,662 entitled "Drug/Drug Delivery Systems for the Prevention and Treatment of Vascular Disease" (the '662 patent"). The '662 patent issued to Falotico et al., and is co-owned by Cordis and Wyeth. Cordis and Wyeth hold all rights, title and interest in and to the '662 patent.

9. Upon sale of the Promus stent in the United States, BSC will be infringing the '662 patent, including but not limited to selling the Promus stent in the United States for use by physicians in coronary angioplasty procedures.

10. Upon the launch of the Promus stent in the United States, the Promus stent will compete directly with Cordis's CYPHER stent, reducing Cordis's market share and causing irreparable harm to Cordis.

11. BSC's announced intention to sell the Promus stent upon FDA approval has created a present actual and substantial controversy between Counterclaim Plaintiffs and BSC concerning the threatened infringement of the '662 patent.

### COUNT I: INFRINGEMENT OF THE '3286 PATENT

12. Cordis realleges paragraphs 1-11 above as if fully set forth herein.

13. Upon offer for sale and sale of the Promus stent in the United States, BSC will be directly infringing, contributorily infringing, and/or inducing infringement of the '662 patent in violation of 35 U.S.C. § 271, by, including but not limited to, selling and offering for sale the Promus stent in the United States for use by physicians in coronary angioplasty procedures.

14. BSC has engaged in concrete steps taken with the intent to conduct infringing activity. An actual a justiciable controversy exists between Counterclaim Plaintiffs and BSC regarding infringement of the '662 patent.

15. BSC had and has actual notice of the '662 patent. Upon offer for sale and sale of the Promus stent in the United States, BSC will be infringing the '662 patent with knowledge of Cordis's patent rights. BSC's actions are willful and deliberate.

## PRAYER FOR RELIEF

WHEREFORE, Cordis prays that the Court enter judgment as follows:

1. For a declaratory judgment in favor of Cordis that BSC is directly infringing, contributorily infringing, and/or inducing infringement of the '662 patent;

2. For a declaratory judgment in favor of Cordis that the '662 patent is not invalid;

3. For an injunction pursuant to 35 U.S.C. § 283 prohibiting BSC from making, using, selling, importing, or offering for sale the Promus stent in the United States;

4. For a determination that this is an exceptional case within the meaning of 35 U.S.C. § 285, and an award to Cordis of its reasonable attorneys' fees; and

5. For such other and further relief in law or in equity to which Cordis may be justly entitled.

                    ASHBY & GEDDES

                    /s/ *Steven J. Balick*

                    _____

Steven J. Balick (I.D. #2114)
John G Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Aveune, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Johnson & Johnson, Inc. and Cordis Corporation*

*Of Counsel:*

David T. Pritikin
William H. Baumgartner, Jr.
Russell E. Cass
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

Dated: February 21, 2008
188458.1